LEE THOMPSON v. REVOLUTION COTTON MILLS.

(Filed 15 November, 1911.)

Master and Servant—Order of Vice Principal—Negligence—Contributory Negligence—Evidence—Questions for Jury.

Plaintiff was injured while employed in running a lapper in defendant's cotton mill, and introduced evidence tending to show that he was instructed by the vice principal of the defendant that if, in operating the machine, the cotton became lumpy, to remove it while the machine was in motion, but to stop the machine for certain other purposes; that there was a certain defect in the machine tending to make the cotton lumpy, and that it was dangerous to carry out this instruction; that the injury was caused while plaintiff was acting as directed. There was evidence to the contrary: *Held,* a motion to nonsuit upon the evidence was properly refused, and under a fair and comprehensive charge in this case upon the principles of negligence and contributory negligence an actionable wrong has been established under the verdict for plaintiff.

APPEAL from *O. H. Allen, J.,* at August Term, 1911, of GUILFORD.

Civil action to recover damages for personal injuries, caused by alleged negligence of defendant.

There was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.

*E. D. Kuykendall and Sapp & Williams for plaintiff.*
*King & Kimball and Thomas S. Beall for defendant.*

PER CURIAM. It was chiefly urged for error that the court refused to nonsuit plaintiff on motion duly entered, but the Court is of opinion that the motion was properly overruled. On the trial it appeared that plaintiff, an employee of defendant company, was engaged at the time in running a lapper, and in the operation of the machine the cotton would "at times get lumpy" and it would become necessary for plaintiff to put his hand in the machine to remove the lumps, or it would result in "thin-ended lap." There was testimony, on part of plaintiff, tending to show that the boss of the lapper-room, who stood towards plaintiff in the position of vice principal of defendant company, had given plaintiff special directions that "if anything got in the beater box he was to lay the belt on the loose pulley and stop the machine, but if any lumps, etc., got at the doors, to remove them without stopping the machine. He said you would lose time in stopping the belt, that you could make a lap while you stopped the machine and started up again." The evidence, further, tended to show that this was an unsafe method of doing the work; that defendant company was guilty of negligence in giving directions of the kind indicated, and that, on the occasion in question, the plaintiff, in endeavoring to follow them out, had his hand seriously injured. As the Court understands it, the testimony of plaintiff tended to show, further, that certain wires, placed in the machine with the purpose of keeping the cotton from becoming lumpy, had been permitted, by defendant, to "become crooked and out of line and in such a negligent condition as to unnecessarily cause the cotton therein to become lumpy and thereby rendered the machine defective and more dangerous to operate"; and that plaintiff had, several times, given notice of the improper condition of the wires, and the employee charged with the duty had failed to have them fixed.

There was much evidence on the part of defendant company to the effect that the machine was in good condition; that no such instruction as claimed by him had been given plaintiff, but

that he had, both by general rules and repeated and special instructions, directed plaintiff never to put his hand in the machine when in motion.

In this conflict of evidence, under a fair and comprehensive charge in which the principles of negligence and contributory negligence, as applicable to the facts, were correctly stated, the jury have accepted the plaintiff's version of the occurrence, and, this being true, an actionable wrong has been established. After careful consideration, the Court finds no reversible error, and the judgment in plaintiff's favor must be affirmed.

No error.